**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DEVIN ERIC LAMM,
D.O.C. # 168538,**

    **Plaintiff,**

**vs.**                                    **Case No. 4:22cv08-MW-MAF**

**FLORIDA DEPARTMENT
OF CORRECTIONS,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner proceeding pro se, submitted a letter in reference to "staff misconduct and sexual harrassment [sic] and PREA complaint." ECF No. 1. The letter was sent to the United States District Court for the Middle District of Florida. ECF No. 1. However, because the alleged events took place in Wakulla Correctional Institution where Plaintiff is incarcerated, the Middle District transferred the case to this Court. ECF Nos. 4-5.

It was unclear whether Plaintiff intended to initiate a civil rights case in federal court because he did not pay the filing fee, submit an in forma

pauperis motion, or submit a proper complaint.  An Order was entered on January 14, 2022, advising Plaintiff that if he desired to proceed with a case in this Court, then he must either pay the filing fee or submit an in forma pauperis motion, and he must file a proper complaint.  ECF No. 6.  No response to that Order has been received, despite the warning to Plaintiff that a recommendation would be made to dismiss this case if he did not comply by the deadline provided.  *Id.*  It appears that Plaintiff has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  See Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . ." Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Furthermore, the

Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). It is within this Court's discretion and "inherent authority" to dismiss an action for failing to comply with a court Order. Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011) (stating it "was within the district court's discretion to dismiss the plaintiffs' § 1983 action without prejudice either under Rules 11 and 41(b) or under its inherent authority"). Here Plaintiff was forewarned of the consequences of dismissal, but did not respond to the Court order. Dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on February 24, 2022.

 S/   Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE**

Case No. 4:22cv08-MW-MAF

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.